THOMPSON, J.
 

 From a conviction of the offense of carnal knowledge and a sentence of six months in the penitentiary, the defend- , ant prosecutes this appeal.
 

 He complains, in a bill of exception reserved to the overruling of a motion for a new trial, of certain prejudicial errors committed on the trial and in the proceedings had in the court below.
 

 As one of these errors is fatal to the verdict and sentence, we shall not consider the others,- which are not likely to occur in another trial.
 

 It appears from the motion for a new trial, which is attached to the bill of exception, and from the statement of facts by the
 
 *963
 
 district attorney, likewise attached to the bill of exception, that the young lady, the alleged victim of the crime, was not called as a witness for the state, but was sworn as a witness for the defendant and testified that the defendant did not have sexual intercourse with her and at no time offered any insult to her, nor injury to her person.
 

 It also appears that the defendant took the stand in his own behalf and corroborated the evidence of the young lady.
 

 The district attorney states, as a reason for not calling the young lady as a witness, that he had discovered that she had retracted her previous statement and would give evidence in favor of the defendant.
 

 It is admitted by the district attorney that no evidence tending to establish the crime was introduced, save and except the confessions of the accused, which confessions were wholly relied on by the state for a conviction.
 

 The overwhelming weight of authority is to the effect that there cannot be a lawful conviction of a crime unless the corpus delicti is established; that is to say, unless it is shown that a crime has been committed by some one.
 

 Mr. Wharton, in his work on Criminal Law (11th Ed. vol. 1, p. 449, § 357), says:
 

 “The' general rule in this country is that the corpus delicti cannot be established by the confession of the accused, unsupported by corroborative evidence, or proof aliunde, and a conviction had upon such uncorroborated evidence cannot be sustained.”
 

 . In A.
 
 &
 
 E. E. of Law, vol. 6, p. 582, the rule in the United States is stated thus;
 

 “But in this country the rule is well established that a conviction cannot be had on the extrajudicial confession of the. defendant, unless corroborated by proof aliunde of the corpus -delicti.” '
 

 And this seems to be the established rule Of jurisprudence in a majority of the states Of'the Union. ■ ■ ■ • • i
 

 - In Bines v. State, 118 Ga. 320, 45 S. E. 376, 68 L. R. A. 33, the court said:
 

 “Before there can be a lawful conviction of t a crime, the corpus delicti, that is, that the crime charged has been committed by someone, must be proved.
 

 “The mere confession of the accused is not sufficient to establish the corpus delicti.” “This rule,” says the court, “is well established, in this country at least.”
 

 The same rule prevails in Nebraska:
 

 “There must be other evidence that a crime has actually been committed, the confession ’ being used to connect the accused with the crime” proved. Priest v. State, 10 Neb. 393, 6 N. W. 408; Smith v. State, 17 Neb. 358, 22 N. W. 780.
 

 In Stringfellow v. State, 26 Miss. 157, 59 Am. Dec. 247, the court of Mississippi said:
 

 “Where the corpus delicti is not proven by independent testimony,” extrajudicial confessions of the accused “are insufficient to warrant a conviction.”
 

 To the same effect, seg Winslow v. State, 76 Ala. 42.
 

 A conviction of any of the higher crimes is not warranted upon proof of the corpus delicti by uncorroborated extrajudicial confessions of the accused. State v. German, 54 Mo. 526, 14 Am. Rep. 481.
 

 Proof aliunde the confession is absolutely essential to establish, the corpus delicti. U. S. v. Mayfield (C. C.) 59 E. 118.
 

 The rule thus laid down is by no means universal. There are jurisdictions which hold to the contrary. So far as our research has gone, we have not been able to find a case in our own reports which passes upon the question.
 

 i We prefer, however, to follow the rule, as definitely established — as we take it — by a great majority of the states, to the effect that an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed; in other words, without proof of the' corpus I delicti.
 

 
 *965
 
 And when we say that this rule has been established by a great majority of the states, we rely on no less an authority than Mr. Wharton in his work on Criminal Law (vol. 1, p. 456), wherein he sums up the matter as follows:
 

 “Regarding the question of the necessity for evidence corroborating the confession of the accused in order that such confession may establish the corpus delicti, the authorities in this country are not harmonious, but the great weight of authority — almost an unbroken line —is to the effect that the uncorroborated confession of the accused is insufficient to establish the corpus delicti, but that where corroborated, such confession may be admitted in evidence for the purpose of establishing the corpus delicti in a charge of felony.”
 

 See list of the cases in note beginning on page 456 of Wharton, vol. 1.
 

 ■The counsel for the state cite the cases holding that the court will not review the sufficiency of the evidence if there was any evidence at all óf the fact essential to conviction.
 

 We are not unmindful of the rule stated. It is not a question here of the sufficiency of the evidence. But the question is-: Gan an accused be legally convicted without any evidence at all, independent of the confession, establishing the fact that a crime had been cqmmitted?
 

 This presents purely a question of law. The counsel further state that the statement of the district attorney shows that there was other evidence upon which accused was convicted, but counsel conceded that the other evidence was the confessions of the accused.
 

 Beyond these confessions there was no other evidence, “literally none at all,” to show that the crime had been committed, either by the accused or by any one else. The record may be searched in vain for one word of evidence or -circumstance tending in any manner to show that the defendant or any one else had carnally known the young lady.
 

 The conviction and sentence are set aside, and the case remanded for a new trial.