Morris Hargrove, pro se.

Louis Abromson, Asst. Dist. Atty., Pittsburgh, Pa., for respondent.

**UNITED STATES of America ex rel. Morris HARGROVE**

v.

**James F. MARONEY, Warden, State Correctional Institution, Pittsburgh, Pennsylvania.**

Civ. A. No. 66–488.

United States District Court
W. D. Pennsylvania.

June 28, 1966.

## OPINION

MARSH, District Judge.

The relator, Morris Hargrove, has filed, in forma pauperis, a petition for a writ of habeas corpus challenging his conviction and sentence following a plea of guilty at No. 77 Oyer & Terminer, September Sessions, 1962, Allegheny County, Pennsylvania. He alleges use of an incriminating statement given without the benefit of counsel. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). He further alleges that the statement was involuntary and that a hearing should have been held as to its voluntariness before being admitted. Jackson v. Denno,

5. Note 3, supra, at 322.

378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

State remedies have been exhausted. Commonwealth ex rel. Hargrove v. Maroney, 420 Pa. 120, 215 A.2d 635 (1966).

We issued a rule to show cause and directed the District Attorney of Allegheny County to submit the records required by Rule 16(g), Rules of Court, W.D.Pa. The District Attorney has complied.

The relator was indicted for murder and manslaughter in connection with the death of one Cleopatra Glass who was shot and killed in the evening of July 16, 1962. After the shooting the relator voluntarily surrendered himself to the police stating that he had just killed a woman. The next morning he gave a statement concerning the events surrounding the incident. Prior to giving the statement, the relator was warned of his right to remain silent and that anything he said could be used against him. The Commonwealth admits that he was not advised of his right to counsel.

On February 4, 1963, the relator, with the advice of counsel pleaded guilty to murder generally. That same day a hearing was held to determine the degree of guilt and to fix punishment. The statement which the relator gave on July 17, 1962 was admitted into evidence without objection and was read into the record.[1]

In our opinion the petition should be denied.

■ A voluntary and intentional plea of guilty on the advice of counsel constitutes a waiver to any objection of prior proceedings which may also include violation of a defendant's rights. United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3d Cir. 1965); see also, Commonwealth ex rel. Blackshear v. Myers, 419 Pa. 151, 213 A.2d 378 (1965). The relator does not attack the voluntariness of his plea and the record shows that it was voluntarily entered with knowledge of all the facts and with the advice of counsel. In these circumstances, the relator is not entitled to relief on the grounds presented.

Moreover, the United States Supreme Court, in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966), has held that its decisions in Escobedo v. State of Illinois, supra, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966) were not to be applied to trials beginning before the respective dates of those decisions.

In the case at bar the relator's hearing occurred on February 4, 1963, long before the decision in *Escobedo,* which was handed down on June 22, 1964, and, of course, before the decision in *Miranda.* For this additional reason, the relator's claim under *Escobedo* must fail.

An appropriate order will be entered.

---

1. Transcript of testimony of February 4, 1963, pp. 139–155.