YARRUT, Judge.
This is an appeal from a judgment of the Juvenile Court, Jefferson Parish, adjudging Edward J. Mayfield, Jr. a juvenile delinquent, because he committed arson in causing the burning down of Mc-Donough No. 26 School in Gretna, Jefferson Parish, Louisiana; and committing him to the Louisiana Training Institute in Monroe, Louisiana.
The State of Louisiana filed a motion to dismiss this appeal on the ground it is moot because the Appellant-juvenile subsequently was adjudged delinquent on account of involvement in certain burglaries which he admitted, and was committed to the Louisiana Training Institute.
We do not agree that this appeal is moot because the determination that Appellant committed arson was a separate and distinct adjudication. If he is not guilty of arson, he is entitled to have this adjudication purged from his record.
Appellant contends the judgment should be reversed on three grounds: (1) Although only 14-years old at the time of the alleged offense, he was incarcerated in the Jefferson Parish jail from January 10, 1966 until June 2, 1966, in direct contravention of LSA-R.S. 13:1577; (2) that the confessions admitted in evidence at the hearing were not admissible because neither Appellant nor his mother was properly informed of Appellant’s constitutional rights against self-incrimination, as set out in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; (3) that a confession alone is not sufficient evidence upon which to base a conviction.
Two confessions, one oral and one written, were admitted into evidence. The first, according to Jefferson Parish Fire Marshals Leo Miremont and Robert Casse, was obtained when they went to Appellant’s home in the course of their investigation. They testified they saw Appellant’s mother on the porch; asked for and received her permission to speak to her son; went into the kitchen where they were joined by Appellant who, after questioning, admitted he had started the fire by piling papers on the floor of the principal’s office, propping two sticks on either side of the pile and igniting it, after which he went outside to watch the fire through the window. Immediately after receiving the oral confession, the fire marshals took the boy to the office of Captain Gillespie, head of the Sheriff’s Juvenile Division, where the Captain, in the presence of the marshals and one deputy, wrote out the Appellant’s confession in pencil and then typed it. While the statement was being taken, Appellant’s mother arrived at the office. The confession was subsequently completed, read to the mother in the presence of her son and both mother and son signed it. The mother testified her son did not make the oral confession at home .in her presence. However, her son testified he made the same confession at his home as he did in Captain Gillespie’s office. It is uncontroverted that Appellant was never subjected to force or duress, nor were any promises made to him, except that the marshals said they wanted to help him.
With regard to Appellant’s first contention, i. e., that he was illegally placed in jail, LSA-R.S. 13:1577 provides, inter alia:
“No child shall be confined in any police station, prison, or jail, or be transported or detained in association with criminal, vicious or dissolute persons; except that a child fifteen years of age or older may be placed in jail or other place of detention for adults, but in a room or ward entirely separate from adults.”
 The fact that Appellant was held in jail is immaterial because his first confession was not made in jail but at home and there is nothing in the cited statute to indicate that his incarceration would *415 prevent the Juvenile Court judge from declaring him a juvenile delinquent.
Appellant’s second contention is that Appellant’s confession is not admissible under Miranda v. State of Arizona, supra, to the effect that, when a person has been taken into custody, or otherwise deprived of his freedom of action in any significant way, that, prior to any questioning, he must be warned that he has a right to remain silent; that any statement he does make may be used as evidence against him; that he has the right to have an attorney present, either retained or appointed. Admittedly, Appellant in this case was not so warned, although there is a serious question as to whether, when he was at home, he was in custody or otherwise deprived of his freedom as required by Miranda. However, we need not decide whether this case meets the requirements of Miranda, nor whether Miranda applies to juveniles, because the United States Supreme Court in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, held Miranda need not be applied to cases in which the trials began before the decision was handed down June 13, 1966. Because the hearing in the instant case was held May 5, 1966, we are not required to apply the Miranda standards. See Golligher v. United States, 8 Cir., 362 F.2d 594; United States ex rel. Hargrove v. Maroney, 255 F.Supp. 713.
Under Louisiana jurisprudence before the Miranda decision, there was no necessity to warn the accused that a confession could be used against him, and the confession involved here, even if it were that of an adult, would have been admissible in evidence. State v. Alleman, 218 La. 821, 51 So.2d 83; State v. Doyle, 146 La. 973, 84 So. 315; State v. Birbiglia, 149 La. 4, 88 So. 533; State v. Terrell, 175 La. 758, 144 So. 488; LSA-R.S. 15:451-15:453.
In support of Appellant’s third contention, i. e., that a confession alone is not sufficient to convict in Louisiana, he cites State v. Brown, 236 La. 562, 108 So.2d 233; State v. Calloway, 196 La. 496, 199 So. 403 and State v. Morgan, 157 La. 962, 103 So. 278, 40 A.L.R. 458. These cases are not apposite here, being to the effect that a defendant’s uncorroborated confession is insufficient to sustain a conviction without other proof of the “corpus delicti,” that is, that a crime has actually been committed. In the instant case there is sufficient evidence, outside the confession, to establish the corpus delicti. It was stipulated by both counsel that the school in question burned some time between the late hours of January 7, 1966 and the early hours of January 8, 1966, and it is clear from the fire marshals’ testimony that, although the cause of the fire was undetermined, from experience and consideration of the facts before them, they proceeded on the premise that it was the act of a juvenile. Further, there is the corroborating evidence of Fire Marshal Miremont that the fire did begin in the principal’s office where Appellant admitted starting it.
Because there was a voluntary confession by Appellant at a time when he was not under arrest, and was in the presence of his mother, and because of the surrounding circumstances, we conclude there was sufficient evidence to adjudge Appellant a juvenile delinquent on the basis of his setting fire to McDonough No. 26 School. Therefore the judgment appealed from is affirmed.
Judgment affirmed.