354 So.2d 528 (1978)
STATE of Louisiana
v.
Ermond ASHLEY.
No. 60378.
Supreme Court of Louisiana.
January 30, 1978.
Lewis Weinstein, Richard C. Goorley, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Eugene W. Bryson, Jr., Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Ermond Ashley was charged by bill of information with receiving stolen goods having a value of over $500 in violation of La.R.S. 14:69. The defendant waived his right to trial by jury and on April 18, 1977 was tried before a judge alone and found guilty as charged. He was sentenced to serve seven (7) years at hard labor in the custody of the Department of Corrections. On appeal to this Court defendant now relies on three assignments of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
In each of these assignments defendant contends that the trial court erred in denying his motion for a new trial because there was no evidence proving the commission of the crime other than the defendant's own confession. He in effect contends that he cannot be legally convicted on his own uncorroborated confession without independent proof of his actually having knowingly received stolen property. The facts which preceded defendant's arrest follow.
On September 2, 1976, Beverly Meroski and the Warehouse Clothing Store in Shreveport were robbed by two men armed with a pistol. During the robbery, in addition to cash and various other items, two rings belonging to William P. Meroski, Beverly Meroski's husband, were stolen. At trial there was testimony from the owner of the ring, William P. Meroski, who had dealt in diamonds at one period for approximately seven years, and from John W. Flournoy, Jr., co-owner of Flournoy Jewelers in Shreveport, qualified as an expert in diamond appraisals, that the two rings had a value well in excess of $500. The state's contention at trial was that on the same day or shortly thereafter the defendant came into possession of these rings knowing or having good reason to know that they were stolen. An oral inculpatory statement by the defendant introduced at trial indicated that on the day of the robbery, the defendant gave one Glen Miller a ride from Bossier City to Shreveport; that Miller told the defendant that he had just robbed the Warehouse Clothing Store and turned over two rings and a three piece suit to the defendant, indicating to him that they were items taken in the robbery; and that the defendant then disposed of the rings by selling them to two men in the Moore Town area of Shreveport. There was also testimony from Mrs. Meroski that several weeks *529 after the robbery defendant came into the store and told her that he had had the rings but that they were then in the possession of a man in Dallas. According to Mrs. Meroski, the defendant told her that he would go to Dallas, retrieve the rings, and sell them back to her for $100, which was what he had received for the rings. Mrs. Meroski agreed to and did give the defendant $45 for the bus fare to Dallas, but the defendant did not return with the rings. Detectives Kinchen and Jackson of the Shreveport Police Department testified that on September 17, 1976, the defendant was taken into custody, advised of his rights, and after he waived those rights, was interrogated by the detectives. According to their testimony, the defendant told him that he knew what they wanted; that he knew where he could get the rings back. They then released the defendant telling him to go get the merchandise and return by 6:00 p.m. The defendant did not return and two weeks later an arrest warrant was issued. He was subsequently picked up and formally booked in connection with this charge.
It is of course true that a person cannot legally be convicted on his own uncorroborated confession without proof that a crime has been committed by someone, i.e., without proof of the corpus delicti. State v. Freetime, 334 So.2d 207 (La.1976); State v. Sellers, 292 So.2d 222 (La. 1974); State v. Brown, 236 La. 562, 108 So.2d 233 (1959); State v. Calloway, 196 La. 496, 199 So. 403 (1940); State v. Morgan, 157 La. 962, 103 So. 278 (1925).
Whether the facts in this case fit that jurisprudence as properly applied,[1] however, we need not determine here, for the issue is not before us on this appeal.
In criminal matters, the scope of this Court's appellate jurisdiction extends only to questions of law. La.Const. Art. 5, Sec. 5(C) (1974). A contention that the verdict was based on insufficient evidence is essentially a question of fact. Only where the defendant has moved for a judgment of acquittal in a trial before a judge alone (La.C.Cr.P. art. 778) or for a new trial (La.C.Cr.P. art. 851), based on the argument that there was no evidence at all of the crime or of an essential element of the crime, is a question of law presented which this Court can review. See State v. Blackstone, 347 So.2d 193 (La.1977); State v. Alexander, 339 So.2d 818 (La.1976); State v. Douglas, 278 So.2d 485 (La.1973). In the instant case, held before a judge alone, the defendant did not move for a judgment of acquittal but did move for a new trial. However, his motion for a new trial, which argued simply that the verdict was contrary to the law and the evidence, was not filed until three days after the defendant was sentenced. Article 853 of the Code of Criminal Procedure provides that except in cases where a motion for a new trial is based on an argument of newly discovered evidence, "a motion for a new trial must be filed and disposed of before sentenc[ing]." Should there be good cause for defendant's failure to file his motion for new trial timely this same article also provides for postponing the imposition of sentence to give the defendant additional time to prepare and file his motion. Since neither a motion for a new trial nor a request for postponement of sentence was timely filed in this case the issue raised by defendant's assignments are not properly before this Court for review.
Should there be merit in defendant's contention, concerning the absence of corroborating evidence establishing the corpus delicti, relief may yet be available in the event there is filed an application for habeas corpus. See concurring opinion by this author in State v. Blackstone, 347 So.2d 193 (La.1977).

Decree
For the foregoing reasons the conviction and sentence of defendant Ermond Ashley is affirmed.
AFFIRMED.
DIXON, J., concurs with reasons.
*530 DIXON, Justice (concurring).
I respectfully concur.
While independent evidence tending to prove the "corpus delicti" is necessary, that proof need not encompass all of the elements of the offense. A confession may be used to supplement the proof of the corpus delicti provided independent proof corroborates the confession, thus indicating its trustworthiness. Smith v. U. S., 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); Opper v. U. S., 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954).
NOTES
[1] While the record does not seem to contain evidence outside the confession that defendant at any point in time possessed the stolen rings, there was evidence that the rings defendant admitted to having possessed were taken on that very day in an armed robbery of Beverly Meroski.