368 So.2d 705 (1979)
STATE of Louisiana, Appellee,
v.
Andrew Chrisman PITTMAN, Appellant.
No. 63064.
Supreme Court of Louisiana.
March 5, 1979.
*706 F. Smith Knobloch, Knobloch & Knobloch, Thibodaux, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Francis Dugas, Dist. Atty., John J. Erny, Jr., Asst. Dist. Atty., for plaintiff-respondent.
BLANCHE, Justice.[*]
The defendant, Andrew C. Pittman, was charged with theft of $797.00. He was found guilty by a jury on the responsive verdict of guilty of the unauthorized use of movables in the amount of $643.00; he was sentenced to serve six months in the Lafourche Parish Jail, to pay all costs, including the costs of trial, provided that upon serving three months and paying all costs and making restitution of $643.00, the balance of the sentence be suspended on good behavior for one year. The defendant appeals the conviction based upon one specification of error, that an inculpatory statement which was used against him was obtained illegally by an honorary deputy sheriff who questioned him without giving him notice of his rights as required under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Gary Guidry was owner of the Bayou Bend Nursing Home in Larose, Louisiana. Defendant was administrator of the home. While defendant was in police custody on another charge, Guidry discovered that there was a shortage in the accounts of the nursing home. He spoke to the sheriff and the district attorney about this. At his request, the sheriff permitted him to interview the defendant. For this purpose, Pittman was brought to the police station from the parish jail and left in a room with Guidry. This occurred some three or four days following defendant's arrest on the other charge, which arrest had taken place either August 9 or 10, 1977. On August 25, 1977, Guidry swore in an affidavit that Pittman had stolen money from the nursing home, the theft having taken place in May of 1977. On September 22, 1977, defendant was charged by bill of information with *707 theft of funds paid to the nursing home for the accounts of five patients. The payments had been made in cash, and there was evidence that defendant had signed receipts for the payments, but there was no further record of the money and no deposit of funds had been made to the nursing home's account. In November of 1977 Pittman filed a civil suit against the home for back wages due him. In February, 1978, there was the first indication of the existence of an inculpatory statement which Pittman had made to Guidry at the time of their talk in August of 1977. At a hearing on February 16, 1978, Pittman withdrew his prior waiver of a jury trial upon finding out about the confession which the State intended to use. On either February 16 or the day before, the district attorney had learned from Guidry of defendant's oral statement in which he admitted taking the money.
Guidry testified at a hearing on the motion to suppress the inculpatory statement. He outlined the interview which he had with Pittman in August of 1977. When asked why he did not go to the district attorney with the confession until the day before the trial was scheduled to start, he said: "I don't know. I just decided to go."
Guidry was shown to be an honorary deputy sheriff of Lafourche Parish, though he had never taken any action as a deputy or received any pay for the position. He stated that he did not give Pittman any of the Miranda warnings, and he did not know how to "read anyone his rights" so as to comply with the requisites of Miranda.
Because of Guidry's honorary deputy status, defendant claims that his conversation with Guidry was an interrogation by a police officer in which it would be required that he be advised of his rights under the Fifth and Sixth Amendments. He was not told by Guidry that there was any question of charges being pressed in the matter of the missing funds, or that the sheriff and the district attorney had been informed that the money was missing.
Defendant makes the following assignment of error:
Defendant contends that the Trial Court erred when it denied Defendant's Motion to Suppress the alleged inculpatory statement, made by the defendant to Gene Guidry, when such statement was obtained in violation of Defendant's constitutional rights.
The question for our consideration is whether the interview between Guidry and Pittman was a custodial interrogation such as to require that defendant be informed of his rights under Miranda and its progeny, and whether Guidry was a person who, as interrogator, would be required to give the warnings.
The Louisiana statute on admissions and confessions requires that there be an affirmative showing on the part of the State that the confession was freely and voluntarily given, and that there was no influence of "fear, duress, intimidation, menaces, threats, inducements or promises" to bring about the alleged confession. LSA-R.S. 15:451. Federal and Louisiana cases require that there be a clear showing of procedural safeguards which would effectively guarantee that the constitutional privilege against self-incrimination was secured to the accused when he was questioned while in the custody of the police. Miranda, supra; State v. Roach, 322 So.2d 222 (La.1975). If the interrogation and subsequent confession are in a non-custodial situation, the only showing which the State must make is whether the confession is free and voluntary, as the Miranda warnings apply only to custodial interrogations. State v. Glover, 343 So.2d 118 (La.1977).
In this case the conversation resulted in the admission by defendant that he knew the money was missing and a statement that he would make the loss good. The sheriff permitted Guidry to speak with the defendant, who was in custody on another charge, in connection with which there is evidence that he had been informed of his rights. There is no evidence that Guidry spoke with the defendant at the request of either the district attorney or the sheriff, nor is there any evidence that anyone *708 was aware of the status of Guidry as an honorary deputy sheriff. The fact that he did not even inform the sheriff or the district attorney of Pittman's inculpatory statement until later also would indicate that he was not operating as an agent of the police in their investigation of the missing funds. Pittman was being interviewed by the man for whom he worked and at a time when his employer was simply questioning him for his own purposes concerning the missing money. The admission to him, therefore, cannot be said to be one which was to a police officer and resulted from a custodial interrogation. That Guidry was an honorary deputy is of no moment.
The district judge found that defendant's statement to Guidry was freely and voluntarily given, and this is supported by the record. We cannot disturb a factual finding of the trial court when, as here, there is evidence to support it.
For the reasons as stated herein, the conviction and sentence are affirmed.
AFFIRMED.
DENNIS, J., concurs.
NOTES
[*] Judge Cecil C. Cutrer, Louisiana Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.