CALOGERO, Justice.
Defendant Ted Williams was convicted after a bench trial of three counts of armed robbery, violations of R.S. 14:64. The state filed an habitual offender bill in connection with one of the armed robbery counts, alleging two prior felony convictions. Upon defendant’s admission of the allegations of prior convictions contained in the multiple bill, the trial court imposed a sentence of forty-nine years on the armed robbery count set forth in the multiple bill and five year sentences on each of the two remaining armed robbery counts, all sentences to run concurrently. One assignment, complaining of error in the trial court’s denial of a motion for new trial, is urged on appeal. However, the issues presented in brief and in argument to this Court in support of the claimed error are not properly before us.
After the judge conducted Williams’ trial, he ordered the state and defense to submit memoranda. Two days later the court announced that it found defendant guilty as charged on all three counts of armed robbery. Thereupon, the defense counsel stated: “Well, we would respectfully file an appeal and ask for a new trial and verbally supplement it [sic] with a motion and waive all delays and ask for immediate imposition of sentence.” The trial judge responded: “I deny your motion for a new trial. I will permit you [to] supplement it with a written motion.” Thereafter, at the same proceeding, the court pronounced sentence.
Five months after Williams was sentenced, appellate counsel, who was not the attorney who had tried the case and moved for a new trial just before sentencing, filed *517 a written motion for a new trial, “[p]ur-suant to the leave of Court granted on November 17, 1977, and for purposes of supplementing and completing the record herein. . . .’’In that motion for a new trial, defense urged that the verdict was contrary to the law and the evidence for the reason that the trial court had as-sertedly used an incorrect standard for determining whether the state proved one of the essential elements of the crime, defendant’s use of a dangerous weapon in accomplishing the theft by use of force or intimidation [1] (a “some evidence” standard as opposed to beyond a reasonable doubt). The motion also urged that the state attempted to prove the use of a dangerous weapon entirely by evidence of a circumstantial nature insufficient to exclude every reasonable hypothesis of innocence. The trial judge ordered the motion filed into the record, but no further action was taken upon it.
Article 852 of the Code of Criminal Procedure requires that a motion for new trial be in writing and state the grounds upon which it is based. Article 853 requires that such a motion, based upon any grounds other than a claim of newly discovered evidence, be filed and disposed of prior to imposition of sentence. When defense counsel orally moved for a new trial, he failed to comply with both of the mentioned requisites of Article 852 but apparently sought the court’s leave to supplement the oral motion with a written one and thus comply with at least that requirement of the Code (that it be in writing).
Leave was granted to supplement the record with a written motion, but our consideration of the record leads us to conclude that the trial judge merely intended to allow the defense to file in the record a written motion whose contents corresponded with the oral motion. We are convinced that there was no intent on the part of the trial judge to permit an expansion or supplementation of the new trial motion to encompass grounds not articulated orally in court prior to the imposition of sentence. We are satisfied that in granting permission to defense to file a written motion the trial judge did not intend to circumvent the requirement that a motion for new trial and ruling thereon precede imposition of sentence. The circumstances we review lead us to conclude that the judge merely sought to expedite consideration of the new trial motion which had in fact been made[2] and provide for completion of the record.
In orally seeking the new trial the defense did not articulate the argument that the evidence of the element of commission of theft by force or intimidation while armed with a dangerous weapon, an essential element, was insufficient because, being wholly circumstantial, it was not such as would exclude every reasonable hypothesis of innocence. Neither had this argument been advanced in the memorandum submitted to the trial judge prior to the adjudication of guilt. The trial judge stated for the record his reasons for finding Williams guilty of armed robbery. It was upon these stated reasons that appellate counsel, five months post-sentence, based his argument in the written new trial motion that the improper standard was applied to decide if there was adequate proof of an essential element of the crime. However, there was no objection complaining of application of an improper standard at the time the new trial motion was made in court and ruled upon. That argument only came five months later when, ostensibly reducing to writing the motion made prior to sentenc *518 ing, counsel in effect filed what amounted to a new motion for a new trial.
Neither the record on appeal nor the conduct of appellate counsel tends to support the contrary view that waiver of the time requirement was contemplated or that leave was granted to formulate and present new grounds not asserted prior to sentencing. While Article 852 requires that a new trial motion be tried contradictorily with the district attorney, the defense did not seek a hearing or even a ruling on the new trial motion filed on newly stated grounds five months after sentencing.
It is clear that the scheme of the code provisions governing new trial motions contemplates that the motion be filed after adjudication of guilt and prior to sentencing. That this motion filed five months late was a newly conceived motion is most evident from the fact of its late filing. The argument that this was a specifically permitted supplementation of the timely though non-written motion for new trial is unconvincing when considered in light of the intent of the statutory scheme governing motions for new trial and the record.
Because the complaints asserted in the motion for new trial filed by appellate counsel were not timely urged, the merits of the legal issues are not properly before us for review. See State v. Ashley, 354 So.2d 528 (La.1978).

Decree

For the reasons assigned, the convictions and sentences of the defendant, Williams, are affirmed.
AFFIRMED.

. Whether there existed a sufficient evidentiary basis for finding the defendant was armed with a dangerous weapon was hotly disputed at trial. The evidence bearing upon the issue consisted of the testimony of the three armed robbery victims who related that defendant’s hand was covered by a bulging white handkerchief and who recounted that their assailant claimed to have a gun and threatened to shoot. No one actually saw a gun.

. Had either the defense or the trial judge intended that there be consideration of the written motion to be filed later there would likely have been a postponement of the imposition of sentence, for Article 853 provides for postponement to allow time for preparation and filing of a new trial motion.