HALL, Judge.
The defendant, Cien Rollins, appeals his conviction of simple criminal damage to property, LSA-R.S. 14:56. The defendant was originally charged with two counts of simple criminal damage to property. However, in a bench trial, the court found the defendant guilty only on one count. The court sentenced the defendant to two years at hard labor under the supervision of the Department of Corrections. The court suspended the sentence and place the defendant on active supervised probation for a period of two years upon the special condition of probation that the defendant make restitution in the amount of $1,350 within 90 days. Finding no error by the trial court, we affirm.
The defendant, a member of the Franklin Parish School Board, was charged by bill of information with two counts of simple criminal damage to trees belonging to the Franklin Parish School Board with the damage amounting to more than $500. The state contended that on October 23 and 29,1982, the defendant willfully and unlawfully cut and removed trees on land owned and designated by the school board as “Nature’s Acres.” The trial court found that there was insufficient evidence to find the defendant guilty of cutting and removing the trees on October 23, count one of the bill of information. However, the court did find that there was sufficient evidence to find the defendant guilty of cutting and removing the trees on October 23, count one of the bill of information. However, the court did find that there was sufficient evidence to find the defendant guilty of cutting and removing the trees on October 29, count two of the bill of information.
On October 29,1982, Charles Cureington, a Franklin Parish deputy sheriff, investigated a complaint received by the sheriff’s office that someone was cutting trees on “Nature’s Acres.” Deputy Cureington testified that he went out to Nature’s Acres at approximately 4:30 in the afternoon and saw four or five people and the defendant standing in the woods. Deputy Cureington testified that the defendant came out of the woods to where he had stopped his patrol car. Deputy Cureington advised the defendant that he had received a complaint that someone was cutting trees and was sent out there to advise them to stop cutting the trees. The defendant told Deputy Cureington that the timber did not belong to the school board, that it belonged to the citizens of Franklin Parish. After the conversation, Deputy Cureington left the scene.
Deputy Cureington testified that he did not hear any chain saws, see any fallen trees, or notice any type of shavings or sawdust on the clothing of the defendant.
At approximately 5:30 to 5:45 p.m. on the same afternoon, Don McDuffie, another Franklin Parish deputy sheriff, saw a four-wheel drive truck, which he knew to be the defendant’s, approximately 200 yards from “Nature’s Acres.” Deputy McDuffie testified that as he was passing the defendant’s vehicle, the man who he saw inside appeared to be the defendant although he could not give an absolute positive identification. Deputy McDuffie testified that the *845 bed of the defendant’s pickup truck was loaded with freshly cut timber.
On November 4, 1982, the Franklin Parish School Board met in executive session. As a member of the school board, the defendant attended. Several members of the school board testified at trial that the defendant denied cutting all the trees which had been removed from “Nature’s Acres.” The defendant indicated to the school board that he had not removed any more than five or six trees from “Nature’s Acres.”
Finding the defendant guilty on count two of the bill of information, the court found the value of the trees removed by the defendant to be $1,350. On appeal, the defendant filed the following assignments of error:
“The defendant, Cien Rollins, pursuant to Article 841 and 844 of the Louisiana Code of Criminal Procedure assigns as errors the rulings and actions taken by the Honorable Sonny Stephens, Judge of the Fifth Judicial District Court in the following:
“1.
“In overruling the motion to suppress evidence.
“2.
“In ruling that Paul R. Orr, is an expert witness #and entitled to give expert testimony.
“3.
“In finding the defendant guilty of count two when there is a lack of sufficient evidence to establish each of the elements of the offense.
“4.
In relying on the uncorroborated purported statement of the defendant to establish the corpus delicti.”

Assignment of Error No. 1:

By this assignment, the defendant contends that the trial court erred in denying motions to suppress statements allegedly made by the defendant to the Franklin Parish School Board in connection with the instant offense. Specifically, the defendant contends that his statements to the school board are inadmissible due to the failure of the school board to advise him of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The record reflects that on November 4, 1982, the Franklin Parish School Board met in executive session to discuss the problem of persons cutting trees on property owned by the Franklin Parish School Board, specifically, “Nature’s Acres.” The defendant, as a board member, attended the meeting with the other board members. Additionally, the superintendent of the Franklin Parish School System and the district attorney for the Fifth Judicial District attended the meeting. During the meeting, the defendant was asked by a board member how many trees he had cut on “Nature’s Acres.” The school board members testified that the defendant responded that “it couldn’t have been more than five or six.”
The defendant contends that the school board meeting constituted the legal equivalency of a custodial interrogation, requiring that he be advised of his constitutional rights. The defendant contends that since he was not advised of these rights, the state failed to show that the defendant made a knowing and intelligent waiver of his Fifth and Sixth Amendment rights.
In order to introduce a defendant’s statement, the state must make an affirmative showing that it was made freely and voluntarily, and not influenced by fear, intimidation, threats, inducements, or promises. State v. West, 408 So.2d 1302 (La.1982); State v. Dunn, 454 So.2d 1229 (La.App.2d Cir.1984). If the statement was made in the course of custodial interrogation, the defendant must be advised of his Miranda rights before making the statement. Miranda v. Arizona, supra. If the interrogation and subsequent confession are in a noncustodial situation, the only showing which the state must make is *846 whether the confession is free and voluntary, as the Miranda warnings apply only to custodial interrogations. State v. Hat-horn, 395 So.2d 783 (La.1981); State v. Pittman, 368 So.2d 705 (La.1979).
By “custodial interrogation”, the Miranda court meant “questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.” 384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 706.
In the instant case, it is apparent that the defendant was not subject to a “custodial interrogation.” Specifically, the questioning was not initiated by law enforcement officers; rather the questioning occurred in a school board meeting which the defendant voluntarily attended as a school board member. While the district attorney did attend that meeting, the record does not reflect that the district attorney at any time questioned the defendant. The record is void of any facts which indicate that the defendant was deprived of his freedom of action. Therefore, finding that the defendant was not entitled to Miranda warnings, the state must only have shown that the statement was free and voluntary.
There is nothing in the record to indicate that the defendant was compelled to attend the school board meeting. The members of the school board questioning the defendant had no authority to compel any statements by the defendant. The record clearly reflects that the statement made by the defendant was made in response to questions by school board members. The record reflects that the statement was not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises.
Therefore, the trial court correctly denied defendant’s motion to suppress. This assignment of error is without merit. Assignment of Error No. 2:
By this assignment the defendant contends that Paul Orr, an urban forester for the Louisiana Department of Natural Resources, was not qualified as an expert witness and entitled to give expert testimony. However, the defendant has not argued this assignment of error in brief. Assignments of error made but not argued nor briefed are considered to be abandoned. State v. Domingue, 298 So.2d 723 (La. 1974); State v. Williams, 338 So.2d 672 (La.1976).

Assignment of Error No. 3:

By this assignment, the defendant contends that the trial court erred in finding the defendant guilty of count two because there was a lack of sufficient evidence to establish each of the elements of the offense.
The record reflects that on October 29, 1982, the Franklin Parish Sheriffs Department received a call that someone was cutting trees on Nature’s Acres. A deputy responding to the call, saw and spoke with the defendant at Nature’s Acres at approximately 4:30 in the afternoon concerning the call. Approximately one hour later, the defendant was seen by another deputy, parked on the highway 200 yards from Nature’s Acres. The deputy testified that the defendant’s truck was loaded with freshly-cut timber. School board officials inspected Nature’s Acres soon thereafter and found freshly-cut tree stumps. Additionally, several days later, the defendant at a school board meeting, admitted cutting five or six trees.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. State v. Johnson, 453 So.2d 279 (La.App. 2d Cir.1984).
As defined by LSA-R.S. 14:56, simple criminal damage to property is the intentional damaging of any property of anoth *847 er, without the consent of the owner, and except as provided in LSA-R.S. 14:55, by any means other than fire or explosion. Where the damage amounts to five hundred dollars but less than fifty thousand dollars, the offender shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than two years, or both.
The defendant contends that the state failed to prove that the trees belonged to the Franklin Parish School Board. Additionally, the defendant contends that the trial court erred in taking judicial notice that the land belonged to the school board.
Royce Bryan, Superintendent of the Franklin Parish Schools, testified at trial that “Nature’s Acres” was owned by the Franklin Parish School Board. Additionally, Bryan testified that to his knowledge neither he nor anyone else on the board gave the defendant permission to cut trees on Nature’s Acres. J.W. Dean, Franklin Parish Tax Assessor, testified that the “Nature’s Acres” property was owned by the Franklin Parish School Board.
During trial, the state asked the court to take judicial notice of a 1785 congressional land ordinance, passed by the United State Congress, providing that the 16th section of every township was set aside for the support of the public schools. The records reflects that “Nature’s Acres” consisted of approximately 100 acres of Section 16 in Franklin Parish. After objection by defendant, the trial court ruled that it was common knowledge that the 16th section in Franklin Parish belonged to the school board.
In the present case, the record reflects that a rational trier of fact could find that the Franklin Parish School Board was the owner of “Nature’s Acres.” The state need only prove that the property was not the defendant’s. The superintendent of schools and the parish tax assessor both testified that the land was owned by the school board. It is not necessary to determine whether the trial court erred in taking judicial notice that 16th section land belongs to the school board. Even without that consideration, the record clearly reflects that the property was not owned by the defendant but was owned by the Franklin Parish School Board.
In addition to proving the intentional damaging of the property of another, the state must also prove that the damage was done without the consent of the owner by any means other than fire or explosion. Bryan, Superintendent of the Franklin Parish Schools, testified that he periodically gave permission to persons to remove dead or damaged trees on the school board property. Bryan also testified that the school board periodically sold timber from Section 16. Bryan also testified that he did not give the defendant permission to remove trees from the school board property. Additionally, Bryan testified that, to his knowledge, the school board had not authorized the defendant to remove the trees. Therefore, the record reflects that the defendant removed the trees without the consent of the owner.
The state called a forester from the Louisiana Department of Natural Resources to testify concerning the value of the trees removed. The forester valued 10 of the trees which had been cut and found the total damages to be $3,140. However, the court found the damages to be $1,350. This finding does not appear to be erroneous.
The record reflects that a rational finder of fact could have found that the state had proven beyond a reasonable doubt that the defendant had committed the crime of simple criminal damage to property. This assignment of error is without merit. Assignment of Error No. 4:
By this assignment, defendant contends that the trial court erred in relying on the uncorroborated statement of the defendant in establishing the corpus delicti.
It is well settled that an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone; in other words, without proof of the corpus delicti. State v. Willie, 410 *848 So.2d 1019 (La.1982); State v. Ashley, 354 So.2d 528 (La.1978); State v. Freetime, 334 So.2d 207 (La.1976). The corpus delicti must be proven by evidence which the fact-finder may reasonably accept as establishing that fact beyond a reasonable doubt. State v. Carson, 336 So.2d 844 (La.1976).
In the present case, the record clearly shows that a crime has been committed. The superintendent of schools testified that no one had been given permission to remove trees from “Nature’s Acres.” The record also contains ample testimony that trees had been recently removed from Nature’s Acres without authorization. According to an urban forester who testified at trial, the tree stumps which remained showed signs that they had been recently cut. Therefore, the record clearly reflects that the defendant’s statement is corroborated by the evidence of the crime in the present case.
This assignment of error is without merit.

Decree

Finding no merit to defendant’s assignments of error, the conviction and sentence are affirmed.
Affirmed.