Dear Mr. Diasselliss:
I am in receipt of your request for a clarification of Opinion No. 99-382 concerning the following:
 1. Does LSA-R.S. 17:81K(1) provide that any parish school board member have the right to examine any and all records of the school system, except school employees records relative to evaluations, observations, formal complaints and grievances.
 (a) What about student records, special education records, health records and other confidential records?
 (b) Does the exception of formal complaints limit access to discipline actions arising from formal complaints?
 (c) What is a formal complaint? A written complaint to a principal or superintendent?
 (d) 17:81K(1)(2) requires a vote of the majority of the parish school board, therefore, does the requirement "authorized pursuant to a written policy" of a parish school board apply to a parish school board members right to examine the school system records under 14:81K(1)?
 2. Does LSA-R.S. 17:81K(1)(2) all a school board by a majority vote to allow themselves to have the right to examine all records of the school system including all employee records, student records, special education records, health records and other confidential records? (Sic)
 3. Could the intent of 17:81K(1) be to allow school board members access to the public records of the law without the need of making a formal request?
LSA-R.S. 17:81(K)(1) provides the following concerning the general powers of a city and parish school board:
 K. (1) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board member and any other person authorized pursuant to written policy of a city or parish school board shall have the right to examine any or all records of the school system except school employee records relative to evaluations, observations, formal complaints, and grievances.
 (2) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board, upon a majority vote of the authorized board membership, shall have the right to examine any or all records of the school system.
 (3) Should an employee's personnel file be accessed by the city or parish school board, the employee whose file was so accessed shall receive written notice of such action, and the individual city or parish school board members shall maintain the confidentiality of any documents in the file so examined.
In Attorney General Opinion No. 99-382, our office concluded the following:
 Therefore, it is no longer the opinion of our office that school board members are to be excluded from access to the personnel files of school employees. Attorney General Opinion No. 90-193 is withdrawn only in respect to excluding school board members from access to the personnel files of school employees.
 In answer to your first question, provided LSA-R.S. 17:81 is complied with, a school board member can access an employee's personnel file to review the file to see if any disciplinary action has been taken against an employee and if so, what action was taken. In response to your second question, provided LSA-R.S. 17:81 is complied with, a superintendent can verbally advise a school board member of disciplinary action taken against an employee.
In response to question 1, LSA-R.S. 17:81K(1) does provide that any parish school board member does have the right to examine any and all records of the school system, except school employee records relative to evaluations, observations, formal complaints and grievances.
In (a), you inquire about student records, special education records, health records and other confidential records. Section K(1) states:
 . . . any city or parish school board member shall have the right to examine any or all records of the school system except school employee records relative to. . .
As discussed in Attorney General Opinion No. 93-285,
 . . . it should be noted that under Federal law the confidentiality of student records is protected by 20 U.S.C. § 1232g. This provision prohibits all educational institutions who receive federal funds from releasing any protected information about a student. Information which is `directory information' may be released without losing federal funds.
The names and addresses of students in public schools are public records, which a citizen could request and receive. (See Attorney General Opinion No. 91-73).
Student records that are personally identifiable with a student are confidential to a student and his parents and are therefore excluded form the Public Records Act and are not subject to public inspection or release without consent and authorization of affected parties. (See Attorney General Opinion No. 76-186).
The federal legislation and the Louisiana Attorney General opinions cited above, applies to the Public Records Act found in LSA-R.S. 44:1 et seq. It does not apply to LSA-R.S. 17:81K(1). Therefore, a school board member shall have the right to examine student records, special education records, health records and other confidential records.
In Section (b) you ask whether the exception of "formal complaints" limits access to disciplinary action arising from formal complaints. The language in the exception in K(1) specifies ". . . employee records relative to evaluations, observations, formal complaint and grievances." It would appear that the records of any disciplinary action taken pursuant to a formal complaint would also be included in exception in17:81(K)(1). However, please note that 17:81(K)(2) provides that ". . . any city or parish school board, upon a majority vote of the authorized board membership, shall have the right to examine any or all records of the school system." This means that if the school board has a majority vote of the authorized board membership to examine these documents, they are permitted by law to do so.
This response is consistent with Attorney General Opinion No. 99-382.
In Section (c) you ask what a formal complaint is. You ask whether it is a written complaint to a principal or superintendent. Although the Louisiana Revised Statutes does not define a "formal complaint", it does discuss grievance procedures for teachers and other school employees in LSA-R.S. 17:100.4.
Section A(1) states the following:
 Each city and parish school board shall adopt rules, regulations, and policies necessary to establish a grievance procedure that shall guarantee a fair hearing on grievances by any teacher or group of teachers or other school employee or group of employees employed by such school board. However, prior to the adoption of the rules, regulations, and policies, each school board shall consult with the various professional organizations that represent the teachers or other school employees in that school system regarding the grievance procedure.
Please refer to your local school board policy for the definition of a formal complaint and a grievance and the requirements regarding both.
In Section (d), it appears that you are inquiring whether a majority vote of the parish school board is required pursuant to a written policy to examine the school system records under LSA-R.S.14:81K(1). The requirement of having a written policy refers to "any other person" who shall have the right to examine any or all records of the school system relative to the exceptions.
In question two, you ask whether a school board by majority vote shall have the right to examine all records of the school system including all employee records, student records, special education records, health records and other confidential records. As discussed in question 1(a), in light of federal legislation and the Louisiana Attorney General opinions cited above, LSA-R.S.17:81K(1) does not apply to student records, special education records, health records or other confidential records that are personally identifiable. In regards to employee records, a school board by majority vote shall have the right to examine all records of the school system.
In question three, you seek a response as to whether the intent of LSA-R.S. 17:81K is to allow school board members access to the public record of the school system allowed by the Public Records Law without the need of making a formal request.
As discussed in Attorney General Opinion 90-193,
 . . . school employee personnel files are public records under La. R.S. 44:1 et seq. They are, however, subject to the exemptions contained in that act and other exceptions provided by law. We also note that La. R.S. 17:1238
provides that nothing in the School Employee File Act shall be construed to supersede the Public Records Act, La. 44.1 et seq.
LSA-R.S. 17:1237 entitled "Access to files" located in the section concerning school employees personnel files reads in pertinent part as follows:
 A. No school employee shall be denied access to his personnel file. The contents of a school employee's personnel file shall not be divulged to third parties absent the express written consent of the school employee, except when ordered by a court or by subpoena, and no school system employee other than the personnel file custodian or the superintendent of schools for the system, or the designee of either, who shall be a school system employee shall be allowed access to a school employee's personnel file without the school employee's express written consent, unless that employee is charged with the duty of supervising that particular school employee's performance. In the case that a personnel file should be accessed by the superintendent or someone designated by him, the employee whose file was so accessed shall receive written notice of he fact and the name and title of the person who was permitted access. All persons permitted access under this Section shall maintain the confidentiality of those documents in the file which are not matters of public record.
In Opinion No. 90-193, "The Act" refers to LSA-R.S. 17:1237. In that opinion our office concluded the following:
1. The (Act) does not make the personnel files non-public. A personnel file is public record except for those exemptions set out in La. R.S. 44:11 and the personnel evaluations and assessments made non-public by La. R.S. 17:391.5. The Act limits access to the files to the situations covered by La. R.S. 17:1237.
2. The (Act) limits access to the files to situations where the employee has consented in writing and the other exceptions. Board members are "third parties" under the (Act) an their access is limited as above. Board members formerly had access to non-public items covered by La. R.S. 17:391.5. Those items are still non-public and Board members access is limited to the situations covered by R.S. 17:1237. In any case, where the personnel file is accessed, the employee shall receive written notice.
3. Access to a school employees's file is limited to those documents requested and as conditioned above.
As discussed above and in Attorney General Opinion No. 99-382, it is no longer the opinion of our office that school board members are to be excluded from access to the personnel files of school employees. In Opinion No. 99-382, Attorney General Opinion No. 90-193 is withdrawn only in respect to excluding board members from access to the personnel files of school employees.
Therefore, in answer to question three, it does not appear that the intent of LSA-R.S. 17:81K is to allow school board members access to the public record law without the need of making a formal request.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
 January 18, 2000 OPINION NUMBER 99-382 94 — SCHOOLS AND SCHOOL DISTRICTS — ADMINISTRATION, GOVERNMENT AND OFFICERS LSA-R.S. 17:1237
LSA-R.S. 17:1231, et seq. LSA-R.S. 17:1233(5)
1) In answer to your first question, a school board member can access an employee's personnel file to review the file to see if any disciplinary action has been taken against an employee and if so, what action was Mr. John L. Diasselliss, III taken. Assistant District Attorney Fortieth Judicial District 2) In response to your second Parish of St. John The Baptist question, provided LSA-R.S. P.O. Box 99 17:81 is complied with, Edgard, LA 70049 a superintendent can verbally advise a school board member of disciplinary Dear Mr. Diasselliss: action taken against an employee.
I am in receipt of your request for an attorney general's opinion concerning the following:
 1. Can a school board member have access to an employee's personnel file to review the file to see if any disciplinary action has been taken against an employee and if so, what disciplinary action was taken?
 2. Can the Superintendent verbally advise a school board member of disciplinary action taken against an employee?
LSA-R.S. 17:1237 pertains to "access to files" for school employees. It states:
 A. No school employee shall be denied access to his personnel file. The contents of a school employee's personnel file shall not be divulged to third parties absent the express written consent of the school employee, except when ordered by a court or by subpoena, and no school system employee other than the personnel file custodian or the superintendent of schools for the system, or the designee of either who shall be a school system employee shall be allowed access to a school employee's personnel file without the school employee's express written consent, unless that employee is charged with the duty of supervising that particular school employee's performance. In the case that a personnel file should be accessed by the superintendent or someone designated by him, the employee whose file was so accessed shall receive written notice of the fact and the name and title of the person who was permitted access. All persons permitted access under this Section shall maintain the confidentiality of those documents in the file which are not matters of public record.
 B. Any school employee requesting to see his personnel file shall be given access to his entire personnel file, except for any portion of the file maintained at his specific work site, at a single location and within a reasonable time for making the request. Such an employee shall be given access to any portion of his personnel file maintained at his work site, at such site and at any reasonable time.
 "Third party" is defined in LSA-R.S. 17:1233(5) as:
 "Third party" means any person or entity not regularly employed or employed under a contract by the school system in which the school employee is employed.
In Attorney General Opinion No. 90-193, our office issued an opinion regarding the effect of LSA-R.S. 17:1231 et seq. (The School Employee Personnel Files Act) on the Public Records Act (LSA-R.S. 44:1 et seq.) Our office addressed the issue-at-hand in that opinion. Our office opined the following:
 This section prohibits disclosure to third parties absent the express written consent of the school employee, except by court order or subpoena. Only three people are authorized to access the file absent written consent. They are:
 1. the personnel file custodian,
 2. the superintendent of schools for the system.
 3. the designee of either #1 or #2 who must also be a school system employee.
 School board members are not school system employees and, unless a member was a system employee, they are excluded from access to the personnel files except by consent of the employee, court order or subpoena.
 Our office concluded that:
 The (Act) limits access to the files to situations where the employee has consented in writing and the other exceptions. Board members are "third parties" under the (Act) and their access is limited as above. Board members formerly had access to non-public items covered by La. R.S. 17:391.5. Those items are still non-public and Board members access is limited to the situations covered by R.S. 17:1237. In any case, where the personnel file is accessed, the employee shall receive written notice.
Since Attorney General Opinion No. 90-193 was released, LSA-R.S. 17:81 was amended in 1993, adding Section K. LSA-R.S.17:81 states the following in pertinent part concerning the general powers of a city and parish school board:
 K.(1) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board member and any other person authorized pursuant to written policy of a city or parish school board shall have the right to examine any or all records of the school system except school employee records relative to evaluations, observations, formal complaints, and grievances.
 (2) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board, upon a majority vote of the authorized board membership, shall have the right to examine any or all records of the school system.
 (3) Should an employee's personnel file be accessed by the city or parish school board, the employee whose file was so accessed shall receive written notice of such action, and the individual city or parish school board members shall maintain the confidentiality of any documents in the file so examined.
Therefore, it is no longer the opinion of our office that school board members are to be excluded from access to the personnel files of school employees. Attorney General Opinion No. 90-193 is withdrawn only in respect to excluding school board members from access to the personnel files of school employees.
In answer to your first question, provided LSA-R.S. 17:81
is complied with, a school board member can access an employee's personnel file to review the file to see if any disciplinary action has been taken against an employee and if so, what action was taken. In response to your second question, provided LSA-R.S.17:81 is complied with, a superintendent can verbally advise a school board member of disciplinary action taken against an employee.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
 MAY 13, 1993 OPINION NUMBER 93-235
Mr. A.R. "Buddy" Hodgkins, Jr. 107 SHERIFFS — Constables 
Assistant Executive Director Marshals, including ex-officio Louisiana Sheriffs' Association tax collectors, rights, powers 1175 Nicholson Drive duties in general Baton Rouge, LA 70802 LSA-R.S. 33:2201; R.S. 33:1433 (B); R.S. 33:1433 (A)(a). Dear Mr. Hodgkins: The appointment of an honorary deputy sheriff is not prohibited by statute.
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for further review.
You raise the following issue for our determination:
 "Does Louisiana law prohibit the appointment of honorary deputy sheriffs?"
Our research reflects nothing in the statutes that prohibits a sheriff from appointing an individual as an "honorary deputy sheriff". In fact, LSA-R.S. 33:2201 (regarding family benefits to deceased law enforcement officers) applies to all sheriffs and deputy sheriffs, but specifically excludes honorary law enforcement officers:
 "(7) . . . Honorary law enforcement officers shall not be considered or interpreted to be law enforcement officers under this Section."
The law does allow sheriffs to appoint additional "special officers" to cope with emergency situations; however, these officers do in fact have police and arrest powers. LSA-R.S. 33:1433 (B).
In State v. Pittman, 368 So.2d 705 (La. 1979), a copy of which is attached, the Supreme Court held that an honorary deputy sheriff who spoke to a defendant in custody was not acting as an agent of police, and therfor did not have to Mirandize the defendant prior to the defendant's confession. The Court stated "that [he] was an honorary deputy sheriff is of no moment." 368 at 708. Further, the case of State v. Guidry, 496 So.2d 650 (La.App. 1st. Cir. 1986), also makes reference to a separate category of "special deputies" that in actuality are not law enforcement officers. Therein, the court determined that security guard designated "special deputy" was not a law enforcement officer where he had never undertaken any special training as a police officer, had no duties as a special deputy, had no uniform and knew nothing about Miranda rights.
This office has concluded that an individual appointed "special deputy" who has no arrest authority, is not authorized to carry a firearm, is not covered under the municipal police professional liability insurance policy, and is not authorized to execute search or arrest warrants, or serve subpoenas is not a "law enforcement officer" for purposes of the Election Code. See Attorney General Opinion Number 90-601, a copy of which is enclosed.
The only "prohibition" might arguably be included in LSA-R.S. 33:1433
(A)(1), which states:
 "The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law."
We are of the opinion that this statute is not dispositive of the issue, because (a) it is applicable only to Orleans Parish, and (b) pertains to a deputy who is in fact a law enforcement officer with all inherent police powers.
In summary, the statutes and caselaw acknowledge the existence of honorary deputy sheriffs. This office is of the opinion that such appointments are implicity sanctions by law, and are not prohibited therein.
Should you have further question in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________ Kerry L. Kilpatrick Assistant Attorney General
 December 4, 1990 OPINION NUMBER 90-601 26 — ELECTIONS — Election Officers (Party Committee, commissioners, Special Deputy Sheriffs)
LSA-R.S. 18:428; LSA-R.S. 40:2402 (1)
"Law enforcement officer" as used in Election Code prohibition against service as commissioner as functional definition: commissioner who wears police uniform as Assistant Town Honorable David C. Butler, II Clerk to collect traffic tickets, Mayor, Village of Woodworth but has no police powers, is not P.O. Box 228 prohibited from serving as a Woodworth, LA 71458 commissioner-in-charge of election precinct. Dear Mayor Butler:
You have requested an opinion from the Attorney General regarding the legality of Dorothy Gunter's service as a commissioner-in-charge of the precinct located at the Woodworth Community Center. You have raised this question because Ms. Gunter, who serves as Assistant Town Clerk as well as in other capacities in the Village of Woodworth, is also a special deputy for the Village. She was appointed a deputy by you and executed an oath of office which was filed with the Secretary of State.
LSA-R.S. 18:428, in pertinent part, provides:
 "A. Presence at polling place. Law enforcement officers shall not be stationed at polling places on election day, but the commissioners may summon law enforcement officers to assist them in preserving order, enforcing the election laws, or protecting election officials from interference with the performance of their duties. Law enforcement officers shall not be eligible to serve as commissioner-in-charge, commissioners, alternate commissioners, or watchers." (Emphasis added)
The intent of this law is to provide a safeguard against election irregularities or improper influencing of voters by law enforcement officers subject to political control.
The issue presented by Ms. Gunter's situation is whether she is in fact a "law enforcement officer". You state that she has no arrest authority, is not authorized to carry a firearm, is not covered under the Village's police professional liability insurance policy, and is not authorized to execute search or arrest warrants and other such process of the courts. You state the primary reason for the appointment was to enable Ms. Gunter to wear a police uniform whole on duty as Assistant Town Clerk, one of the duties of which is the collection of traffic fines.
More succinctly, is Ms. Gunter's identity as a "law enforcement officer: determined from her oath of office or from her function and authority.
Ms. Gunter is not paid for law enforcement duties and at best her role as special deputy is honorary.
The Attorney General has previous defined "law enforcement officer" on the basis of the functional definition provided in LSA-R.S.40:2402 (1). See Opinions of the Attorney General No. 90-181, 90-181A and 89-210. "Peace officer" is thus defined as:
 "(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal traffic or highway laws of this state. . . "
By this functional standard, Ms. Gunter is not a "peace officer", and is, therefore, not a law enforcement officer. Her sole function as a special deputy appears to be the wearing of a police uniform while collecting fines for traffic tickets.
Accordingly, her service during elections as a commissioner-in-charge does not violate R.S. 18:428
Trusting this to be of sufficient information, I am,
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ______________________ CHARLES J. YEAGER Assistant Attorney General