It JOHNSON, J.,
dissenting.
The amount of narcotics recovered from the defendant’s person consisted of one single rock of cocaine, weighing .07 grams. Possession of such a small amount clearly supports a finding Of simple possession, rather than a finding of possession with intent to distribute.
Narcotics offenses involving possession with intent to distribute require proof of specific intent. State v. Ramoin, 410 So.2d 1010 (La.1981); State v. Elzie, 343 So.2d 712 (La.1977). Intent to distribute may be inferred from the circumstances. State v. Hearold, 603 So.2d 731 (La.1992). For example, the amount and form of a controlled dangerous substance constitute evidence from which a jury may infer an intent to distribute the particular substance. State v. Duncan, 420 So.2d 1105 (La.1982). However, mere possession of a controlled dangerous substance is not evidence of intent, to distribute that substance unless the quantity is so large, that no other inference is reasonable. State v. Greenway, 422 So.2d 1146 (La.1982).
It is well settled in the jurisprudence that the uncorroborated confession of an accused will not of itself sustain a conviction but that there must be other proof of the corpus delicti. State v. Morgan, 1925, 157 La. 962, 103 So. 278, 40 A.L.R. 458; Harris v. State, 1916, 72 Fla. 128, 72 So. 520; State v. Jacobs, 1899, 21 R.I. 259, 43 A. 31; Messel v. State, 1911, 176 Ind. 214, 95 N.E. 565; In re Kelly, 1905, 28 Nev. 491, 83 P. 223; Mangum v. United States, 1923, 9 Cir., 289 F. 213; Wharton on Criminal Law, Vol. 1, p. 456.
The majority bases its conclusion that the defendant intended to distribute cocaine, in part, upon the defendant’s statement to police that he had two other rocks of cocaine in his possession at the time of his encounter with the officers. Amazingly, the “rocks” that the defendant referred to in his statement were never recovered, thus there is no proof, other than the defendant’s statement, that 12they ever existed. In most criminal cases, defendants make self-serving statements to exculpate themselves, and we never accept those statements without some proof. Why, then would we accept the attempt by this defendant to paint himself as a drug dealer without further proof? Defendant was apprehended on a bicycle with one rock of crack cocaine. The police officers did not find any other drugs in the defendant’s possession. Nor did they find any of the tools commonly associated, with the distribution of drugs, such as drug paraphernalia, money, firearms, a pager, or a scale on the defendant’s person.
For the foregoing reasons, I would vacate defendant’s conviction for possession with intent to distribute, enter a conviction of simple possession, and remand the case to the trial court for resentencing.