BOWES, Judge.
The defendant, Arnold Anderson, appeals his conviction under La.R.S. 14:56, Simple Criminal Damage to Property.
From the record, the following appear to be the facts in this case. Two minors, “Rock” Jones and Arnold Anderson, defendant, went to a car wash for the purpose of cleaning Anderson’s car with the vacuum cleaner furnished by this establishment. A preponderance of the evidence indicates that the vacuum cleaner was broken when they arrived. Anderson pulled his car away from the vacuum cleaner, opened the trunk, obtained a brush and swept out the inside of his car.
No one, other than the two boys, was at the car wash at this time. However, Detective Walker passed in front of the car wash while Anderson was brushing out his car. Anderson saw him and noticed that the detective observed him also. Thereafter, Anderson finished brushing out his car and put the rugs back. He then drove his friend, “Rocky”,, home and went to play basketball.
When Detective Walker had driven by the car wash, he noticed the two boys at the rear of Anderson’s car, bending over. He saw Jones raise up, look at him, and throw something to the ground, but he did not know what the object was. The detective did not see Anderson, the defendant, do anything. He merely saw him bending over the back of his car.
Thereafter, Detective Walker proceeded to the Jr. Food Mart, a convenience store, turned his car around, and returned to the car wash. As he approached, Anderson’s car was leaving and Jones appeared to give him “a little laugh.” Detective Walker pulled his car into the car wash and noticed for the first time that a coin receptacle was missing from the vacuum cleaner and that it was lying on the ground.
Due to the activity he had witnessed, Detective Walker assumed that Anderson had broken the vacuum cleaner and arrest *519 ed and charged him under LSA-R.S. 14:56, Simple Criminal Damage to Property. “Rocky” Jones was not charged. While testifying under oath, Detective Walker stated that he did not know for a fact that the vacuum cleaner had not been broken prior to the time that the boys were at the car wash.
Anderson testified that the vacuum cleaner was broken when he arrived at the car wash.
Mr. Kron, one of the owners of the ear wash, testified that an employee calls him in Baton Rouge every day to state whether or not the car wash has been damaged. He also stated that on the day in question he received a call from the St. John Parish Deputies that someone had broken the vacuum cleaner.
The State put the following compound and leading question to Mr. Kron while on the witness stand:
Q Every day? And before the time you received the call had you been notified by the man who checks your property that it was not in operation?
A No.
Q So to your knowledge before that time it was working properly, is that correct?
A Right.
Mr. Kron testified that he did not know what time the employee visits the car wash daily and that he did not remember what time the Sheriff’s office called to relate the damage.
The State petitioned to rule Anderson delinquent under R.S. 13:1570A(5) for the precise violation of Simple Criminal Damage to Property.
The trial court apparently thought that Anderson had also been charged with theft and found him not guilty of that crime (with which he was not actually charged), but found him guilty under R.S. 14:56. He was also found delinquent under R.S. 13:1570. The Court decreed a fine, ordered restitution, and placed Anderson on 90 days supervised probation.
The parent of Arnold Anderson appeals.
Defendant only alleges one assignment of error — that the juvenile judge erred in applying the circumstantial evidence in this case.
In State in Interest of Emerson, 250 So.2d 439 (La.App. 4th Cir. 1971), the 4th Circuit held that the same degree of proof is necessary to adjudge a juvenile in violation of a statute as is required to obtain a conviction of an adult for the same offense. Under La. 15:43s[1] and State v. Smith, 339 So.2d 829 (La.1976), Arnold Anderson cannot be found guilty of Simple Criminal Damage to Property solely on circumstantial evidence, unless the facts proved by such evidence exclude every reasonable hypothesis of innocence.
Defense Counsel argues that the State failed to prove that Anderson, himself, committed an “intentional damaging of property” under R.S. 14:56 [2]. We agree. At most, “Rocky” Jones, another person at the car wash with Anderson, threw an object down. This in itself would not prove that either boy damaged the coin receptacle *520 at the ear wash, and certainly does not prove Anderson guilty of anything.
Under the facts and proof presented, this Court cannot find that the State met its burden of excluding every reasonable hypothesis of innocence, and, accordingly, we hereby reverse the conviction of Anderson.
REVERSED.

. R.S. 15:438
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.

. R.S. 14:56
A. Simple criminal damage to property is the intentional damaging of any property of
■ another, without the consent of the owner, and except as provided in R.S. 14:55, by any means other than fire or explosion.
B. Whoever commits the crime of simple criminal damage to property, where the damage is less than five hundred dollars, shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
Where the damage amounts to five hundred dollars but less than fifty thousand dollars, the offender shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than two years, or both.
Where the damage amounts to fifty thousand dollars or more, the offender shall be fined not more than ten thousand dollars, or imprisoned with or without hard labor for not less than one nor more than ten years, or both.