432 So.2d 312 (1983)
STATE of Louisiana, In the Interest of Robert Preston RAY.
No. 82-CA-252.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 1983.
*313 Daniel E. Becnel, Jr., Barry J. Landry, Mary Hotard Becnel, Reserve, for appellant.
Madeline Jasmine, Asst. Dist. Atty., Edgard, for appellee.
Before CHEHARDY, BOWES and GAUDIN, JJ.
CHEHARDY, Judge.
This is an appeal on behalf of a 15-year-old minor adjudicated a delinquent[1] because of his participation in the burglary of a residence. He was committed for a maximum of one year at the Louisiana Training Institute (LTI) or any other institution recommended by the Louisiana Department of Corrections.
On February 8, 1982 at about 11:15 a.m. the juvenile was a passenger in a white Ford LTD driven to the residence of Mr. and Mrs. Douglas Brock in LaPlace, Louisiana. He got out of the car, entered the house and returned a short time later with a large object which was placed in the trunk of the automobile. The object was a safe containing $18,000 in cash and $30,000 in jewelry. The driver of the automobile was also a juvenile.
The boys were observed by two workmen installing a swimming pool across the street, so that when Mrs. Brock returned shortly afterward and discovered the burglary, they were able to describe the vehicle and its teen-age occupants.
Later that afternoon the minors were apprehended by a deputy sheriff. The money was found in bank bags on the floor behind the driver's seat and the safe was in the trunk. The bottom of the safe had been burned out with a welding torch since efforts to pry open the door had been unsuccessful. Everything stolen from the house was recovered. Both boys were arrested, booked with violation of R.S. 14:62 (simple burglary) and released on bond. The teen-age driver fled the parish thereafter and a warrant has been issued for his arrest.
Following hearing, Ray (the minor in suit) was identified by one of the workmen and the police officer. There is no question he did participate in the burglary and appellant contends only that the commitment is unusual, disruptive, excessive and cruel.
These claims are based on the fact that this was a non-violent crime. The juvenile is only 15 years old, and this is his first offense. It is suggested that unless probation is offered, the disposition will have harsh and disruptive consequences on the minor's life because he will not be able to graduate with his high school class next year. This, it is contended, will make him a judicially mandated dropout and weaken his self-image.
Articles 83 and 86 of the Code of Juvenile Procedure control the disposition of a juvenile after having been adjudicated a delinquent.
C.J.P. art. 86(A) provides:
"The court should impose the least restrictive disposition which the court finds is consistent with the circumstances of *314 the case, the needs of the child, and the best interest of society. The court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal."
Prior to the disposition the court permitted extensive delays to allow defense counsel to present psychiatric and psychological opinions, and it was only after reviewing these reports that the judge made his determination.
The reports indicate the juvenile did not express guilt about his actions. He did not expect the safe to contain so much money and thought insurance would cover it. At one time he contemplated taking his share of the money to buy a trailer and move away. He complained of lack of money, difficulty in finding a job, and mentioned drug use.
While the mother was described as "over protective," it appears she was trying to help her son, but did not receive his full cooperation. His parents are divorced and he does not get along with his mother's present husband. It is noted that a 23-year-old brother recently committed suicide which had a traumatic effect on the whole family.
Much discretion is granted to the court because of the special nature of the juvenile proceeding, but the court must balance the needs of the child with the best interest of society. State In Interest of Winstead, 385 So.2d 311 (La.App. 1st Cir. 1980).
As the court noted in its reasons for judgment, although the juvenile has never been in trouble with the law prior to this incident, the act reflected extensive planning and a great deal of criminal skill.
While the court imposed a one-year commitment we understand this to mean "no more than" one year, since the court indicated it was agreeable to a reduction, upon recommendation of the administrator after the minor had gone through the juvenile diagnostic center.
Under all of the circumstances we are of the opinion that the trial court clearly balanced the needs of the child with the best interest of society. We find the judgment imposed to be fully supported by the record.
For the reasons assigned the judgment is affirmed.
AFFIRMED.
NOTES
[1] R.S. 13:1570(A)(5).