438 So.2d 1130 (1983)
STATE of Louisiana, Appellee,
In the Interest of Jerromi DeVoe CASON, Appellant.
No. 15612-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Joseph D. Toups, Jr., Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, James Lynn Davis, Dist. Atty., Many, Dennis G. Stewart, Mansfield, Abbott J. Reeves, Asst. Dist. Attys., Gretna, for appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
The 14-year-old juvenile appeals his adjudication of delinquency based upon a charge of simple burglary in violation of LSA-R.S. 14:62, contending that it rests upon insufficient evidence. The appellant's contention is clearly correct and accordingly we reverse the adjudication of delinquency, set aside the judgment of disposition and commitment, and enter judgment dismissing the petition for delinquency and discharging the appellant.
By petition filed on August 27, 1982 appellant was charged with being a delinquent child in that he committed simple burglary of Marie Carter's residence located in Logansport, Louisiana, on or about August 16, 1982. On February 1, 1983, after several continuances, an adjudicatory hearing was held in which appellant was found guilty of the commission of simple burglary and was adjudicated a delinquent. A judgment of disposition was signed and filed ordering appellant committed to the custody of the department of corrections for placement in a juvenile institution for a period of time not to exceed his 21st birthday. This timely appeal followed.
Appellant contends that the record contains insufficient proof that the alleged *1131 burglary actually occurred and was perpetrated by appellant. The contention is correct. There is absolutely no competent evidence that a burglary was committed.
Marie Carter, whose home was allegedly burglarized, did not testify. A Logansport police officer testified that a "theft" of $180 in $20 bills was reported by Marie Carter and that another officer did the initial investigation. The testifying officer completed the investigation the next day and arrested the appellant. One of appellant's friends who lives next door to Marie Carter testified that appellant came by his house the day of the alleged burglary. Another young friend of the appellant testified he went to the store with appellant the day after the alleged burglary, and that appellant gave him $100 in $20 bills to buy a tape player. He said appellant told him he had $160 and that his grandmother gave it to him. Appellant's grandmother testified that she frequently gave appellant $40 or $50 but could not remember if she had given him any money about the time of the burglary and that it would be unusual for him to have as much as $160. This was the sum total of the state's case.
Appellant admitted being next door to Marie Carter's home on the day of the alleged burglary, but denied going into her house or taking any money. He denied having a large sum of money the next day and testified that his friend stole the tape player from a store while appellant was at another store.
In a delinquency proceeding the state's burden of proof is the same as in a criminal proceeding against an adult. State in Interest of Racine, 433 So.2d 243 (La. App. 1st Cir.1983); State in Interest of Pigott, 413 So.2d 659 (La.App. 1st Cir.1982). The state is required to prove beyond a reasonable doubt every element of the offense alleged in the petition. LSA-C.J.P. Art. 73; State in Interest of Pigott, supra. Where the state relies on circumstantial evidence, the evidence must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Anderson, 417 So.2d 518 (La.App. 5th Cir.1982).
In the instant proceeding charging the juvenile with the offense of simple burglary in violation of LSA-R.S. 14:62, it was incumbent upon the state to prove each element of the offense as charged, that is, the unauthorized entering of a dwelling with the intent to commit a theft therein.
The due process standard of appellate review established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), applies to juvenile delinquency cases. State in Interest of Racine, supra; State in Interest of Pigott, supra. Accordingly, in a juvenile delinquency case the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have concluded that the state proved the essential elements of the crime beyond a reasonable doubt. State v. Graham, 422 So.2d 123 (La.1982).
Further, in a juvenile delinquency proceeding the appellate court is constitutionally mandated to review the law and the facts. Article 5, § 10(B), Louisiana Constitution. Accordingly, under the standard of appellate review in civil cases enunciated in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the appellate court must determine, after a review of the entire record evidence, whether the findings of the trial court are clearly wrong or manifestly erroneous. In Interest of Thomas, 395 So.2d 912 (La.App. 2d Cir.1981). See also State in Interest of Williams, 421 So.2d 431 (La.App. 1st Cir.1982). Review of the law and facts under the Arceneaux standard is, perhaps, a somewhat broader scope of appellate review than that mandated by the Jackson v. Virginia standard.
The state's evidence does not satisfy the requirement that the state prove beyond a reasonable doubt the essential elements of the charged offense. Neither an unauthorized entry by appellant nor the requisite intent is established by the evidence presented in this case. The police officer's testimony concerning the reported theft does little or nothing to establish that the alleged burglary in fact occurred. The owner of the dwelling did not testify, nor did anyone else with personal knowledge *1132 that an unauthorized entry or theft took place.
At best, the evidence presented establishes only that appellant was in possession of what was for him an unusually large amount of money. There is no evidence that this money, or any money, was stolen from Mrs. Carter's residence. Assuming every fact that the evidence tends to prove, the evidence does not support a reasonable inference of guilt, much less an exclusion of every reasonable hypothesis of innocence. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not have concluded that the state proved the essential elements of the crime beyond a reasonable doubt. A review of the entire evidence leads to the conclusion that the findings of the trial court are clearly wrong and manifestly erroneous.
Since the evidence is insufficient to prove the commission of the offense of simple burglary, or attempted simple burglary which is the only legislatively authorized responsive verdict, the adjudication of delinquency must be reversed, the disposition and commitment vacated, the petition dismissed, and the juvenile discharged; and it is so ordered.
Adjudication reversed; disposition and commitment vacated; petition dismissed; and discharge ordered.