445 So.2d 126 (1984)
STATE of Louisiana In the Interest of Redell REDD.
No. 16055-KAJ.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
Raymond L. Cannon, Tallulah, for appellant.
George F. Fox, Jr., Asst. Dist. Atty., Lake Providence, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Redell Redd, a 14 year old juvenile, was adjudicated a delinquent by virtue of a finding that he committed armed robbery. As a consequence, the youngster was committed to the Louisiana Department of Corrections for a period of time not to exceed his 21st birthdaywhich he will attain before completing the alternative sentence of 99 years.
Appealing the judgment of disposition [C.J.P. Art. 97], the juvenile's only assignment of error is that his delinquency adjudication was based upon insufficient evidence. Finding to the contrary, we affirm.
Factual Context
At about 10:30 o'clock on the night of June 30, 1983, Mr. and Mrs. Garrett Walker closed their Lake Providence store and were preparing to enter their automobile parked outside the building when they were attacked and robbed of money and other valuables by two young males. The city police were immediately notified of the incident and came to the store. Based upon information furnished by Mrs. Walker, officers proceeded to arrest the juvenile, Redell Redd, and his adult brother, Jesse Redd. The latter was charged with armed robbery and a petition was filed against the juvenile, alleging that he should be adjudged a delinquent because of his involvement in the same crime.
At the adjudicatory hearing, held on August 12, 1982, Walker [who was assaulted first] testified that he did not see who hit him. However, Mrs. Walker stated that, upon preparing to enter the family vehicle, she looked up and observed Jesse Redd advancing toward her with an iron pipe in his hand. Mrs. Walker was struck across the hands with the pipe as she attempted to ward off the impending blow. Thereupon, the assailant grabbed her pocketbook [containing some $1,000] and fled. Mrs. Walker *127 further asserted that she observed Redell Redd [whom she had known all of his life] running down the road with her husband's money sack.
Both Walkers testified that one Adams, a man who lived with the Redd brothers' mother, was in their store attempting to use the telephone just before closing time.
It was further established that outside lights affixed to the Walker store building illumined the area where the robbery occurred.
Sixteen year old Alvin Thompson testified he knew the Redd brothers and that just before the robbery he saw Jesse Redd standing beside the Walker store with an iron pipe in his hand. Thompson then walked to his dwelling [located across the street from the store] and sat on top of his back porch to cool off. From that vantage point, he assertedly witnessed the robbery, observing the following: Jesse Redd strike Walker with an iron pipe; Redell Redd grab Walker's money sack and run; Jesse Redd hit Mrs. Walker with the pipe, snatch her purse and flee.
Officer Hall of the city police stated that when he apprehended Redell Redd, the juvenile was wet from the waist down. It had been revealed that the two who robbed the Walkers probably fled across a ditch which had water in it.
Defense evidence consisted primarily of the testimony of the juvenile's mother that she, Adams and Redell had been fishing on the afternoon of June 30, 1983; returned to Lake Providence at approximately 8:30 o'clock that evening; let Redell off at a convenience store; Redell met them at the home of his grandmother some 20 minutes later; the two then went with Adams to the Redd residence where officers were waiting to arrest the juvenile. She explained that Redell got his pants wet by wading in the water where they were fishing.
Applicable Law
Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, when armed with a dangerous weapon. La.R.S. 14:64.
All persons concerned in the commission of a crime ... whether they directly commit the act constituting the offense ... are principals. La.R.S. 14:24.
In juvenile delinquency proceedings the State must prove beyond a reasonable doubt that the juvenile committed the delinquent act which is the basis of the adjudication. C.J.P. Art. 73.
Not only does the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard of review apply to juvenile delinquency adjudicatory hearings, but our state constitution mandates that we determine, after reviewing the record evidence, whether the juvenile court was clearly wrong in its fact-findings. Art. 5, Sec. 10(B); State in Interest of Giangrosso, 395 So.2d 709 (La.1981); State in the Interest of Cason, 438 So.2d 1130 (La.App.2d Cir.1983); State in the Interest of Thomas, 395 So.2d 912 (La.App.2d Cir. 1981).
Adverting to the evidence presented in this case, one of the victims and an alleged eyewitness to the armed robbery positively identified the juvenile as a principal. Only the youngster's mother's testimony purported to establish an alibi for him. However, there are significant inconsistencies in that testimony. For example, Mrs. Redd never mentioned that her "old man" [Adams] was in the Walker store just prior to its closing. Interestingly enough, Adams was not called as an alibi witness for the juvenile nor was any explanation offered for this failure. Also, Mrs. Redd testified that the juvenile was arrested when they returned home at about 9:30 o'clock P.M. This was contradicted by police records which indicated the robbery occurred about one hour later.
The juvenile court, acting within the ambit of its authority to assess witness credibility, apparently discounted the testimony of the juvenile's mother and accepted the statements of those who identified the juvenile as a participant in the armed robbery. *128 We cannot say that this finding of fact was manifestly erroneous.
We have also determined, based upon our consideration of the record and viewing the evidence in the light most favorable to the State, that a rational trier of fact could have concluded the State proved every essential element of the crime of armed robbery beyond a reasonable doubt.
Decree
For these reasons, the judgment of disposition in this juvenile delinquency case is affirmed.