459 So.2d 165 (1984)
STATE of Louisiana in the Interest of P.S.
No. 16646-CAJ.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1984.
Gamm, Greenberg & Kaplan, by Alex Rubenstein, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Stephen M. Waller, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before PRICE, HALL and SEXTON, JJ.
HALL, Judge.
The appellant, P.S., appeals his adjudication as a juvenile delinquent resulting from a finding that he committed the crime of simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2. The record reflects that the appellant's adjudication results from a burglary of the home of Mr. M.B. Range, Jr. at 4914 Waters Place, Shreveport, Louisiana, on January 16, 1984. The sixteen year old appellant was committed to the department of corrections for a term not to exceed his 21st birthday on November 19, 1988.
On appeal, the appellant asserts the following assignments of error:
1. That the state did not prove beyond a reasonable doubt each and every element of the delinquent act of simple burglary of an inhabited dwelling.

*166 2. The trial court erred in finding the minor's statement to Detective Stevens was a confession.
Assignment of Error No. 1:
A review of the record in the instant case indicates that there are conflicting versions of the defendant's participation or nonparticipation in the burglary. Mr. M.B. Range, Jr. testified that on January 16, 1984, after arriving home from work, he discovered a broken window in a bedroom of his home. Mr. Range determined that a television set and a jacket were missing. In order to recover his stolen property, Range began checking local business establishments for information. At Mr. T's Club on Hollywood Ave., in Shreveport, a person known as Mitchell Glen Washington offered to sell Range his own television set for $80.00. Range asked Washington to ride with him to his father's house in order to get the money to purchase the television set. When Range got to his father's house, he called the Shreveport Police Department.
Officer D.E. McDaniel of the Shreveport Police Department responded to the call at the father's house. Officer McDaniel testified that when he arrived at the home he found Mr. Range, an unidentified female, and Mitchell Glen Washington. At that point, Mr. Range informed Officer McDaniel that his home had been burglarized and that Washington had just previously attempted to sell him his own television set. Officer McDaniel then arrested Washington and advised him of his rights as per Miranda. Officer McDaniel also went to Range's home on Waters Street, and testified at trial that the home had been broken into.
D.E. Stevens, a detective for the Shreveport Police Department interviewed Washington concerning the burglary of the Range residence. During that interview, Washington implicated the appellant in the burglary. Resulting from that interview, the appellant was arrested by Officer McDaniel. Officer McDaniel transported the appellant to the Shreveport Police Department with Detective Stevens, who also contacted the appellant's mother.
Detective Stevens testified that after appellant and his mother arrived at the police department he advised her of the information he had. Additionally, Detective Stevens said that he read standard juvenile Miranda warnings to both appellant and his mother. Detective Stevens then left his office so that appellant and his mother could discuss the problem alone while in his office. After he returned to his office, appellant and his mother indicated that they understood their rights and that they were willing to talk to him about the burglary.
According to Detective Stevens, appellant first informed him that he was not involved in the crime whatsoever. Detective Stevens then had Mitchell Glen Washington tell his version of the burglary in the presence of both appellant and his mother. Washington told his version of what happened, appellant then admitted that he went with Washington to burglarize the Range residence. According to Detective Stevens, appellant stated that he was a lookout for Washington and that he never went inside the residence. He described how Washington used a knife to take the windowpane out of the window and enter Range's house and that Washington removed a small television from the house.
Appellant's mother, testified in the appellant's behalf and told a somewhat different version of what appellant had confessed to at the interview with Detective Stevens. According to appellant's mother, appellant stated that he started out with Washington but turned around at the "Illinois Apartments", started back, and Washington caught up with him after he supposedly burglarized the house. According to appellant's mother, appellant said he was aware that Washington was going to burglarize the house before it happened; however, he did not participate in the crime. She did not recall appellant telling the officer he acted as lookout.
*167 In view of the conflicting testimony, the appellant asserts on appeal that there was insufficient evidence upon which the juvenile court could have found that he had committed the crime of simple burglary of an inhabited dwelling, and thus adjudicated a juvenile delinquent.
In a juvenile delinquency proceedings, the state must prove beyond a reasonable doubt that the juvenile committed the delinquent act which is the basis of the adjudication. LSA-C.J.P. Art. 73. Thus, in a delinquency proceeding, the state's burden of proof is the same as in a criminal proceeding against an adult. State In Interest of Cason, 438 So.2d 1130 (La.App.2d Cir.1983).
In the instant proceeding, charging the juvenile with the offense of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2, it was incumbent upon the state to prove each element of the offense as charged; that is, the unauthorized entry of an inhabited dwelling with the intent to commit a theft therein. Since the evidence adduced at the juvenile proceeding does not indicate that the defendant directly participated in the burglary, the state was required to prove that the defendant acted as a principal under LSA-R.S. 14:24 by aiding and abetting in the commission of the crime.
This court has previously determined that the due process standard of appellate review established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) applies to juvenile delinquency cases. State v. Redd, 445 So.2d 126 (La.App.2d Cir.1984); State In the Interest of Cason, supra; State In the Interest of Thomas, 395 So.2d 912 (La.App.2d Cir.1981). Accordingly, in a juvenile delinquency case the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have concluded that the state proved the essential elements of the crime beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
Further, in a juvenile delinquency proceeding, the appellate court is constitutionally mandated to review the law and the facts. La.Const. of 1974, Art. 5, Sec. 10(B). Accordingly, under the standard of appellate review in civil cases annunciated in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the appellate court must determine, after a review of the entire record, whether the findings of the trial court are clearly wrong or manifestly erroneous. State In the Interest of Cason, supra; State In the Interest of Thomas, supra. Review of the law and facts under the Arceneaux standard is, perhaps, a somewhat a broader scope of appellate review than that mandated by the Jackson v. Virginia standard. State In the Interest of Cason, supra.
A review of the record in the present case indicates the only testimony implicating the appellant in the crime of burglary is that of Detective Stevens. As previously stated, Detective Stevens stated that after Washington was brought into the interview, the appellant confessed to acting as a lookout for Washington in the burglary. Appellant's mother contradicts Detective Stevens in that she testified that the appellant only indicated that he was aware that Washington was going to burglarize the residence, that after discovering Washington's plan, he parted company with Washington, and that Washington caught up with him later.
This court likewise found conflicting testimony in the case of State In the Interest of Thomas, supra. In that case the court was persuaded by the opinion of the Louisiana Supreme Court in State v. LeBlanc, 213 La. 404, 34 So.2d 905 (La.1948). In State v. LeBlanc, supra, the supreme court stated:
"In determining whether the guilt of a defendant in any case which is appealable to us from the juvenile court has been established, we have only the record as made up in the lower court and are deprived of the benefit of seeing the witnesses and observing their conduct and demeanor while testifying either for *168 the state or for the defense, and of observing the manner in which they give their testimony. The trial judge sees, hears, and observes all this, and therefore is in a better position to determine the credibility of the witnesses and the weight to be given their testimonyall of which is denied us on appeal.
"For these reasons, when the oral testimony is conflicting, we must give weight to the trial judge's findings on questions of fact and to his determination of the credibility of the witnesses and the weight to be given to their testimony."
In finding that the appellant had committed the crime, the trial court noted that the case hinges on the statement of the appellant and the content of it as given to Detective Stevens. The trial court additionally noted that the question arises on whether or not there was enough evidence to cast some doubt upon the statements made. The court stated because of the testimony of appellant's mother that she was unable to remember the appellant's entire statement to Detective Stevens, the court accepted the testimony of Detective Stevens.
Giving due weight to the trial judge's opportunity to see, hear, and observe the witnesses in order to determine the credibility of the witnesses and the weight to be given their testimony, we do not find the trial court clearly wrong. From the evidence adduced at the trial, it appears that a rational fact finder could have found the appellant guilty of the crime beyond a reasonable doubt. The trial court chose to accept the testimony of Detective Stevens in view of the lack of full recollection by appellant's mother of the statement given by appellant. Even her recollection of the statement places appellant with Washington immediately before and immediately after the burglary.
This assignment of error is without merit.
Assignment of Error No. 2:
By this assignment, the appellant asserts that the trial court erred in finding the appellant's statement to Detective Stevens a confession. The appellant does not assert a legal basis for finding the statement was not a confession. Essentially, the appellant is asserting that as a factual matter, the trial court should not have believed the testimony of Detective Stevens in view of the testimony of appellant's mother. The appellant does not challenge the voluntariness of the statement. It seems clear that if Detective Stevens' testimony is to be believed, the appellant's statement to Detective Stevens would constitute a confession since the appellant's purported statement that he acted as a lookout in the burglary did constitute an admission of guilt. As is pointed out in LSA-R.S. 15:453, a confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers.
Next, the defendant asserts that a confession is not in and of itself sufficient to support a conviction. Appellant erroneously argues that the case of State v. Morgan, 157 La. 962, 103 So. 278 (1925), stands for the proposition that a confession is not sufficient to support a conviction. Morgan establishes that when a confession is relied on by the state for a conviction, there cannot be a lawful conviction of the crime unless the corpus delicti is established, that is, unless it is shown that a crime has been committed by someone. In the present case, it is clear that the victim of the burglary testified that a crime had been committed at his home. Mr. Range testified that when he entered his home he found a bedroom window broken out and a portable television set missing. Therefore, appellant's reliance upon State v. Morgan is misplaced.
This assignment of error is without merit.
The delinquency adjudication is affirmed.
Affirmed.