LINDSAY, Judge.
A delinquency petition was filed in this case alleging that the juvenile defendant, F.B.M., committed the offense of simple battery in violation of LSA-R.S. 14:35.[1] After a hearing, the juvenile was adjudicated a delinquent and committed to the Department of Public Safety and Corrections for a period of six months. F.B.M. appealed, claiming that the state failed to prove beyond a reasonable doubt all of the elements of the delinquent act of simple battery. For the reasons assigned below, we affirm the appellant’s adjudication as a delinquent.
FACTS
On August 19, 1987, an altercation allegedly occurred which resulted in charges being filed against two juveniles, the present appellant, F.B.M., and another juvenile, K.M., for committing simple battery upon a third minor, hereinafter referred to as “the victim”. The facts surrounding the *981 event are in considerable dispute, as are the circumstances which preceded it. The witnesses agree that the victim went to the home of a friend named Greg who lived on Catherine Street in Shreveport, Louisiana. The appellant and several other juveniles were present when the victim arrived. The victim subsequently departed from the front of the house and began to walk down Catherine Street. Shortly thereafter, the appellant and some of the other juveniles left Greg’s home through a back door which opened onto an alley. This group of young people then confronted the victim, and the altercation involving the appellant and the victim occurred.
On August 81, 1987, a petition was filed in juvenile court, seeking adjudication of the appellant as a delinquent for committing a battery upon the victim in violation of LSA-R.S. 14:35. On January 25,1988, a hearing was held.
The State presented the testimony of the victim and his aunt. The victim testified that he went to Greg’s home and stood on the porch while he talked to Greg. He then left Greg’s porch and began to walk down Catherine Street toward his grandmother’s house. The victim testified that he heard noises in the nearby alley and someone saying, “There he goes, there he goes.” The victim testified that at this point the appellant came up to him and hit him on one side of his face. The second youth, K.M., approached the victim from behind and hit him on the other side of the face. The victim said he then ran away from the two boys. As he fled, he heard them say that they should shoot him while he was running.
The victim’s aunt testified that she was walking down Kentucky Street, approaching its intersection with Catherine Street, when she saw two youths emerge from the alley and attack her nephew. She said the two assailants were “jump fighting” the victim. She stated that one of the youths had a gun, and the other was armed with a sharp object. However, they did not use these weapons on her nephew. The aunt testified that she was about 30 to 40 feet away from the scene of the attack. She recognized the appellant, F.B.M., as one of the two assailants. She also stated that she observed another boy and several girls in the alley laughing about the incident.
The defense presented the testimony of three juvenile witnesses. They were Greg, the youth at whose house the appellant and the victim encountered each other before the fight, and two 15-year-old girls who were also present at the house and in the alley.
Greg testified that the victim tried to start a fight with the appellant at his house, and that he consequently asked the victim to leave. After the victim left, the other young people, including F.B.M. and K.M., departed through the back door. Greg testified that he remained at home and had no personal knowledge of what happened later.
One of the girls, Donna, testified that she was present at Greg’s house before the fight. She stated that the victim entered the house and became angry during a dispute over some record albums. Greg asked the victim to leave, and the victim complied. Fifteen to twenty minutes later, the group of young people left the house through the back door. Donna testified that they encountered the victim in the alley. She stated that the victim swung at the appellant and missed, and the fight began. She further testified that after the fight commenced she and the other girls began screaming and ran down the alley.
The second girl, Pam, testified that she and her sister were with the group of teenagers at Greg’s house. She stated that the victim also arrived at Greg’s house later. He stood on the front porch and never entered the house. She testified that there was no exchange of words before Greg told the victim to leave. The group then left the house through the back door and encountered the victim in the alley. Pam testified that the victim swung at the appellant and missed. The fight followed.
At the conclusion of the evidence, the judge dismissed the petition against K.M., the second youth accused of committing battery upon the victim. The judge found that there was a lack of corroborating evidence concerning K.M.’s involvement. However, the judge further found that the *982 battery upon the victim occurred, and the altercation was started by the appellant. The appellant was adjudicated a delinquent. On March 4, 1988, the court ordered that the appellant be committed to the care of the Department of Safety and Corrections for a period of six months.
The appellant appealed from his adjudication as a delinquent. He argues that the state did not prove each and every element of the delinquent act of simple battery.
LAW
Simple battery is defined as the intentional use of force or violence upon the person of another without that individual’s consent. LSA-R.S. 14:33 and 14:35.
In a juvenile delinquency proceeding, the state bears the same burden of proof as it does in a criminal proceeding against an adult. The state must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. LSA-C.J.P. Article 73: State in Interest of Cason, 438 So.2d 1130 (La.App. 2nd Cir.1983).
Additionally, in a delinquency proceeding, an appellate court is constitutionally mandated to review the law and the facts. LSA-Const. Art. 5, Sec. 10(B); State in Interest of Cason, supra; State of Interest of Rowland, 509 So.2d 779 (La.App. 2nd Cir.1987), writ denied 513 So.2d 290 (La. 1987). Thus, in addition to reviewing the evidence under the standards mandated by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we must also apply the standard of appellate review in civil cases as set forth in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Under the Jackson v. Virginia standard, we must determine whether the evidence, viewed in the light most favorable to the prosecution, is sufficient for a rational trier of fact to conclude that the state proved all of the elements of the offense beyond a reasonable doubt. Under the Arceneaux standard of review, we are required to accept reasonable evaluations of credibility and reasonable inferences of fact and review the overall weight of the evidence to determine if the factual conclusions of the trial court are clearly wrong.
The evidence presented at the adjudication hearing was conflicting. The victim and his aunt testified that as the victim walked alone, he was attacked by two assailants. She identified one of them as the appellant, F.B.M. She could not identify the other person. The defense presented the testimony of two teenage girls who were companions of the appellant and who were in the alley during the altercation. The trial court obviously discounted the girls’ versions of the altercation, choosing instead to place greater reliance upon the testimony of the state’s witnesses.
We note the serious conflicts in the testimony of the two teenage girls, Pam and Donna. They were unable to agree upon such elementary facts as who was present and what transpired at Greg’s house. Pam stated that K.M. was not at Greg’s house, but a boy named Carlos was present. However, ■ Donna testified that K.M. was present at the house and in the alley. (The victim testified that Carlos and K.M. were both at Greg’s house.) Additionally, Pam testified that the victim did not enter the house while Donna claimed that he did.
The trial court found the testimony of the victim and his aunt more credible than that of the three juveniles who were associated with the appellant. Giving due weight to the trial judge’s opportunity to see, hear, and observe the witnesses, and considering the court’s reasonable evaluations of credibility and the overall weight of the evidence, we conclude that the trial court’s factual findings supporting the verdict of guilty were not clearly wrong. Arcen-eaux, supra. Under Jackson, we find that a rational fact finder could conclude that the state had proven the appellant guilty of the simple battery beyond a reasonable doubt.
CONCLUSION
For the reasons expressed above, the judgment of adjudication is affirmed.
AFFIRMED.

. A second delinquency petition was filed against another juvenile, K.M., alleging that he participated in the same battery. As mentioned hereafter, K.M. was acquitted at the conclusion of the adjudication hearing.