ARMSTRONG, Judge.
A.S. and S.S., identical twin brothers, were adjudicated delinquents for committing a theft of a gold chain valued at over $500.00. Defendants now appeal.
The theft allegedly occurred on July 4, 1988, on the beach at Fort Jackson, Louisiana. Herbert Kimball, the victim, was at the beach with his brother Donny, Donny’s wife, Leona, Keith Adams, Laurie Jo Bill-ingsley, and Tammy Sue Graham. The three women were in the water when A.S. and S.S., unknown to any of the group, threw mud at them. Donny Kimball subsequently exchanged words with the twins.
Herbert Kimball testified that he remembered being hit and knocked down. He woke up and didn’t know what had happened. He subsequently discovered that his gold chain was missing. He stated that, according to “[t]he papers Where it was purchased from,” the chain was valued at $800.00. Herbert didn’t see who hit him.
Keith Adams testified that both A.S. and S.S. were standing near Herbert when one of them, he couldn’t identify which one, hit him (Herbert). He said that after the first hit, one of the twins was moving as if to hit Herbert again. Adams said he grabbed that twin, and then both of them ran off. Adams remembered that Herbert was wearing a gold chain that day but didn’t see anything stolen.
Tammy Sue Graham saw either A.S. or S.S. hit Herbert and the other hit Donny Kimball. She remembered that Herbert fell down after he was hit. She also remembered that Herbert was wearing a chain that day.
• Leona Morrill, Donny’s wife, remembered seeing both A.S. and S.S. standing or stooping over Herbert. She said that Herbert had been wearing his gold chain before the incident, but that it was gone afterwards. However, she didn’t see anyone take the chain. She could not tell the twins apart.
Laurie Jo Billingsley saw one twin hit Donny and the other hit Herbert. After Herbert was knocked down she saw one of the twins grab his chain and “take off.” She thought that the one who grabbed the chain was the same one who had knocked Herbert down. She also said that when one twin was grabbing the chain, she saw the other running away from the scene. But, later in her testimony she admitted that she “guessed” it was the other twin “because everybody else was just standing there looking.” She couldn’t identify which twin took the chain.
Based upon this evidence the trial court found that A.S. and S.S. acted “together in concert and for the purpose of and did commit the crime of theft.” The court further found the twins not guilty of the charge of battery on Herbert Kimball.
On appeal defendants claim that the trial court erred in finding that they, in concert, committed a theft, and in further finding that the value of the gold chain allegedly stolen was over $500.00.
On review our duty is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State in Interest of Cason, 438 So.2d 1130 (La.App. 2d Cir.1983). In addition, Louisiana Constitution Article 5, Section 10(B) mandates that an appellate court review both law and facts when reviewing juvenile ajudications. Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile ajudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); State in Interest of Cason, supra.
By finding that A.S. and S.S. were acting in concert, the trial court found that both were principals to the crime of theft.
*409 La.R.S. 14:67 defines theft in pertinent part as:
“[T]he ... taking of anything of value which belongs to another, ... without the consent of the other to the ... taking. ... An intent to deprive the other permanently of whatever may be the subject of the ... taking is essential.”
La.R.S. 14:24 defines principals as follows:
“All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.”
The evidence establishes that A.S. and S.S. attacked Herbert and Donny Kimball. Although one twin hit Donny and the other hit Herbert, the twins acted together in concert. One witness saw both twins standing near Herbert when he was hit. One witness saw both of the twins standing or stooping over Herbert, presumably after he had been hit and knocked down. Another witness saw one of the twins grab the gold chain from Herbert’s neck. This witness “guessed” that while this was happening she saw the other twin running away from the scene, but she couldn’t positively say that it was him.
The only evidence of the value of the gold chain was the testimony by the victim, Herbert Kimball, that it was worth $800.00, based upon “[t]he papers where it was purchased from.” Defendants contend that this did not establish a value of over $500.00. We disagree. The victim was apparently referring to a sales receipt or some price set at the place of purchase. It was not necessary to present the testimony of a jeweler or like expert to establish the value of the gold chain; the testimony of the victim was sufficient. State v. Curtis, 319 So.2d 434 (La.1975).
. We find that any rational trier of fact, viewing the record evidence in a light most favorable to the prosecution, could have found beyond a reasonable doubt that A.S. and S.S. aided and abetted each other in taking Herbert Kimball’s gold chain, valued at $500.00 or more, without Kimball’s consent, with the intent to permanently deprive him of the chain. Considering the record evidence as a whole, we are unable to say that the finding of the trial court, that the twins committed the offense of theft of an object having a value of $500.00 or more, was not supported by the evidence or was clearly wrong.
For the foregoing reasons we affirm the adjudications of the defendants.
AFFIRMED.